1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KALEB LEE BASEY,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No.  21-cv-08688-JCS

**ORDER OF DISMISSAL FOR IMPROPER VENUE**

Re: Dkt. Nos. 10, 16, 17

## INTRODUCTION

Plaintiff filed this complaint pursuant to Federal Rule of Criminal Procedure 41(g), seeking the return and/or destruction of Yahoo! emails that were seized via warrant by the United States Attorney for the District of Alaska, and subsequently used to convict Plaintiff at jury trial in that district. The United States of America moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue, and in the alternative, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

The parties have consented to magistrate judge jurisdiction for all purposes under 28 U.S.C. § 636(c).  (Dkt. Nos. 6 and 11.)

## DISCUSSION

### A.    Legal Standard

Federal Rule of Civil Procedure 12(b)(3) allows a party to file a motion to dismiss on the basis of improper venue.  Fed. R. Civ. Proc. 12(b)(3).  Plaintiff bears the burden of establishing proper venue.  *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979) (citing *Hayashi v. Sunshine Garden Prods., Inc.*, 285 F. Supp. 632, 633

1    (W.D. Wash. 1967)).  In resolving a 12(b)(3) motion, "pleadings need not be accepted as

2    true, and facts outside the pleadings may be considered."  *Doe 1 v. AOL LLC*, 552 F.3d

3    1077, 1081 (9th Cir. 2009).  A district court, upon determining that venue is improper for a

4    case in front of it, "shall dismiss, or if it be in the interest of justice, transfer such case to

5    any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

6    **B.    Federal Rule of Criminal Procedure 41(g)**

7        Federal Rule of Criminal Procedure 41(g) provides:

8            A person aggrieved by an unlawful search and seizure of
9            property or by the deprivation of property may move for the
             property's return. The motion must be filed in the district where
10           the property was seized. The court must receive evidence on any
             factual issue necessary to decide the motion. If it grants the
11           motion, the court must return the property to the movant, but
             may impose reasonable conditions to protect access to the
12           property and its use in later proceedings.

13   The Rule defines "property" to include "documents, books, papers, any other tangible

14   objects, and information."  Fed. R. Crim. Proc. 41(a)(2)(A).  If a Rule 41(g) motion is

15   made before an indictment is filed, but during a criminal investigation, "the movant bears

16   the burden of proving both that the [property's] seizure was illegal and that he or she is

17   entitled to lawful possession of the property."  *United States v. Gladding*, 775 F.3d 1149,

18   1152 (9th Cir. 2014) (quoting *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir.

19   1987)).  "But that burden of proof changes when 'the property in question is no longer

20   needed for evidentiary purposes, either because trial is complete, the defendant has pleaded

21   guilty, or ... the government has abandoned its investigation.'"  *Id.*  At that time, the

22   burden shifts to the government to demonstrate that it "has a legitimate reason to retain the

23   property."  *Id.*  "[A] defendant's Rule 41(g) motion should presumptively be granted if the

24   government 'no longer needs the property for evidence.'"  *United States v. Kriesel*, 720

25   F.3d 1137, 1144 (9th Cir. 2013) (quoting *United States v. Fitzen*, 80 F.3d 387, 388 (9th

26   Cir. 1996)).  The government can carry its burden by demonstrating that the property "is

27   contraband or subject to forfeiture."  *Gladding*, 775 F.3d at 1152 (quoting *Martinson*, 809

28   F.2d at 1369).  Any other "legitimate reason" the government has for retaining the property

United States District Court
Northern District of California

2

1    will also suffice. *Id.*

2        A Rule 41(g) motion, "when there are no criminal proceedings pending against the

3    movant," is "treated as [a] civil equitable proceeding[] and, therefore, a district court must

4    exercise 'caution and restraint' before assuming jurisdiction." *Ramsden v. United States*, 2

5    F.3d 322, 324 (9th Cir. 1993) (quoting *Kitty's East v. United States*, 905 F.2d 1367, 1370

6    (10th Cir. 1990)); *see also Martinson*, 809 F.2d 1364, 1367 (9th Cir. 1987).

7        **C.    Background**

8        Plaintiff was convicted by a federal jury in the District of Alaska of one count of

9    transportation of child pornography and one count of distribution of child pornography on

10   December 12, 2017. *United States v. Basey*, 4:14-CR-00028-RRB (D. Alaska) ("Criminal

11   Case"), Dkt. No. 214.  He was sentenced to 180 months in prison and a lifetime of

12   supervised release on May 18, 2018.  Criminal Case, Dkt. No. 257.  His conviction was

13   upheld by the Ninth Circuit on August 14, 2019, which found the district court's denial of

14   his motion for a continuance to file additional suppression motions—following two

15   complete rounds of pretrial suppression motions—was not an abuse of discretion. *United

16   States v. Basey*, 784 F. App'x 497, 498 (9th Cir. 2019).  Plaintiff's petition for rehearing en

17   banc was denied on September 23, 2019.  Criminal Case, Dkt. No. 272.

18       Plaintiff filed a motion for the return of seized property pursuant to Rule 41(g) in

19   the District of Alaska on October 7, 2019.  He sought the return of property seized by

20   Army Criminal Investigation Division Agents and the Alaska State Trooper from a search

21   of Plaintiff's "barracks room" on Fort Wainwright, Alaska, including an iPhone, flash

22   drive, computer, and various thumb drives and SD cards.  Criminal Case, Dkt. No. 278.

23   He also asked the district court to "order the government to destroy any derivative

24   information obtained from [his] property that remains in its possession." *Id.* at 9.  The

25   government responded that it had a "legitimate need to retain the seized property pending

26   resolution of [Plaintiff's] direct appeal of his criminal conviction," Dkt. No. 281, and the

27   district court denied the motion.  Dkt. No. 282.  Plaintiff filed a motion for reconsideration,

28   which the district court also denied.  Dkt. Nos. 286, 290.  Plaintiff filed an appeal of the

United States District Court
Northern District of California

3

1    order denying his Rule 41(g) motion as well as the order denying reconsideration.  The

2    Ninth Circuit affirmed, finding that although "precedent suggests that criminal proceedings

3    are over for purposes of a Rule 41(g) motion once the defendant is convicted," the

4    government met its burden of demonstrating a "reasonable need to retain the property in

5    light of [Plaintiff's] pending collateral attack on his 2017 convictions."  *United States v.*

6    *Basey*, 837 F. App'x 603 (9th Cir. 2021).  The Ninth Circuit also denied rehearing en banc.

7    Criminal Case, Dkt. No. 378.

8         Plaintiff also filed a motion pursuant to 28 United States Code § 2255 to vacate, set

9    aside, or correct his sentence.  Dkt. No. 294.  Counsel was appointed to represent Plaintiff

10   for the purpose of his § 2255 motion.  Dkt. No. 319.  Plaintiff later asked to proceed *pro*

11   *se*, which the district court permitted.  Dkt. No. 335.  The district court denied the motion,

12   and subsequently filed an amended order at Plaintiff's request, clarifying "issues that [he]

13   felt were inadequately addressed in" the first order.  Dkt. Nos. 357, 363.  Plaintiff filed a

14   motion for reconsideration, which the district court denied, Dkt. No. 381, after which

15   Plaintiff appealed to the Ninth Circuit, Dkt. No. 384, which denied a certificate of

16   appealability, Dkt. No. 403, and prohibited any further filings in the case.  Dkt. No. 404.

17        While Plaintiff's appeal of the denial of his return of property was pending,

18   Plaintiff, proceeding *pro se*, sought an injunction "restraining the United States from using

19   [his] property for any purpose pending the result of the appeal," in particular from using it

20   in connection with "threat[s] to reindict [Plaintiff] on previously-dismissed charges related

21   to the property should [he] overturn his conviction in his 2255 proceeding."  Criminal

22   Case, Dkt. No. 327.  The government agreed to refrain from forensically examining the

23   property during the pendency of the appeal.  Dkt. No. 337.

24        Plaintiff filed his second motion for the return of seized property on May 5, 2021,

25   regarding the same property as his first motion.  Dkt. No. 369.  The government responded

26   that "after consultation with the Federal Bureau of Investigations (FBI) the Government

27   agrees that it follows policy to return the requested property after it has been deleted in a

28   manner which ensures no contraband remains. This renders much of defendant's motion

moot." Dkt. No. 387 at 1-2. The government noted that the "search of defendant's room has been thoroughly litigated," and that his Rule 41(g) motion "appears primarily focused on relitigating these . . . issues." *Id.* at 2. The government indicated that Plaintiff was required to provide a name of a person authorized to receive his property. *Id.* at 4. The district court granted the Rule 41(g) motion, according to the terms identified by the government. Dkt. No. 388. Plaintiff responded that he "wants to fight this case and will not provide the information of who he wants the property sent to at this time." Dkt. No. 394 at 4. He appealed the district court's order granting his Rule 41(g) motion. Dkt. No. 399. The Ninth Circuit affirmed, rejecting Plaintiff's argument that the "district court's order granting relief was an injunction or 'coerced settlement'," and explained that "neither the district court nor [the Ninth Circuit] need reach [Plaintiff's] claim that the property at issue was illegally seized." *United States v. Basey*, No. 21-30196, 2022 WL 2872264, at *1 (9th Cir. July 21, 2022). The court quoted *Martinson*, 809 F.2d at 1369: "[W]hen the property in question is no longer needed for evidentiary purposes ... the legality of the search and seizure is no longer an issue." *Id.*

Plaintiff filed his complaint in this case on November 8, 2021, while litigation was ongoing in his District of Alaska case and numerous Ninth Circuit appeals. Dkt. No. 1. He claims that his Yahoo emails were "warrantlessly preserved under 18 U.S.C. § 2703(f) for a nine-month period," and searched unlawfully pursuant to a warrant sought after an illegal search of his computer. *Id.* He seeks "an order requiring the Government to destroy his emails, a declaration that § 2703(f) is unconstitutional as applied to this case, and other related injunctive and declaratory relief." *Id.* He also asks the Court to order the government to "destroy any information derived from [his] Yahoo emails" and to order the government "to not use, disclose, or refer to information discovered in or derived from [his] Yahoo emails in any future proceeding." *Id.* at 42. He notes:

> A declaration from this Court to the effect that reasonable jurists could conclude that the decision to seek a warrant for [Plaintiff's] Yahoo emails was affected by prior warrantless searches of [his] devices would clarify and/or settle the debatability of this issue and may further provide the basis for

5

1    [him] to file a motion under Fed. R. Civ. P Rule 60(b)(6) to
     reopen the judgment in his 2255 proceeding due to an
2    intervening change in law.

3    *Id.* at 12.

4        **D.    Analysis**

5        Plaintiff claims that venue is appropriate in this Court because his "emails were

6    seized by the Government from Yahoo at 701 First Ave., Sunnyvale, California, which is

7    located in the Northern District." Dkt. No. 1 at 3. He cites Rule 41(g)'s provision that

8    "[t]he motion must be filed in the district where the property was seized," arguing that

9    "venue lies where the property was seized." *Id.* Defendant argues, first, that venue does

10   not lie in this district because Plaintiff "does not in fact seek the return of any property, but

11   instead seeks an order directing the destruction of his Yahoo! emails and for declaratory

12   relief."[1] Dkt. No. 10 at 6. Second, Defendant argues that although "[i]t does not appear

13   that the Ninth Circuit has decided whether the venue provision in Rule 41(g) controls in

14   post-conviction motions for the return of property," a district court in the District of

15   Columbia has held that the appropriate venue for such a motion is the "standard venue

16   statute" or 28 United States Code § 1391. *Id.* at 7 (citing *Ford-Bey v. United States*, No.

17   19-2039 (BAH), 2020 WL 32991, at *12 (D.D.C. Jan. 2, 2020)).

18       This Court finds that, regardless of whether Rule 41(g)'s venue provision applies to

19   post-conviction motions, venue is improper in this district. If the provision does apply, it

20   does not mandate venue in this district because the property at issue—Plaintiff's Yahoo

21   emails—were not seized in this district. Plaintiff's Yahoo emails were seized in the

22   District of Alaska, where the warrant was issued and the CD containing Plaintiff's emails

23

---

24   [1] The Court notes that destruction of property may be an appropriate remedy for a Rule
     41(g) case. *See United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1174
25   (9th Cir. 2010), overruled in part on other grounds as recognized by *Demaree v. Pederson*,
     887 F.3d 870, 876 (9th Cir. 2018) (citing Advisory Committee Notes on 1989 Amendment
26   to Rule 41(e) stating that "[i]n some circumstances . . . equitable considerations might
     justify an order requiring the government to return or destroy all copies of records that it
27   has seized."). The Court also notes that, although not raised by the government, it is not
     clear whether emails to or from Plaintiff, stored by Yahoo after Plaintiff, according to the
     government, deleted his account, *see* Dkt. No. 10 at 2, constitute Plaintiff's or Yahoo's
28   property.

1    was obtained. *See* Criminal Case, Dkt. No. 172-1 at 1-2. The warrant asked the issuing

2    District of Alaska court to order Yahoo to "send the information electronically," or by

3    facsimile and United States mail if electronic delivery was not available. *Id.* at 38.

4            Plaintiff cites an overturned, out-of-circuit district court case finding that a

5    provision of the Stored Communications Act, 18 United States Code § 2703, allows

6    district courts to issue search warrants for electronic property in locations *other* than where

7    the information is stored. *In re Warrant to Search a Certain E-Mail Acct. Controlled &*

8    *Maintained by Microsoft Corp.*, 15 F. Supp. 3d 466, 474 (S.D.N.Y. 2014), rev'd and

9    remanded sub nom. *Matter of Warrant to Search a Certain E-Mail Acct. Controlled &*

10   *Maintained by Microsoft Corp.*, 829 F.3d 197 (2d Cir. 2016), vacated and remanded sub

11   nom. *United States v. Microsoft Corp.*, 138 S. Ct. 1186 (2018). Plaintiff claims this case

12   supports his argument that electronic property is located where the ISP is located, "not the

13   location of any server." Dkt. No. 13 at 7. Ultimately, the Supreme Court held that the

14   issue in the case—whether "a U.S. provider of e-mail services must disclose to the

15   Government electronic communications within its control even if the provider stores the

16   communications abroad"—was mooted by the Clarifying Lawful Overseas Use of Data

17   Act (CLOUD Act) requiring service providers to comply with a section 2703 warrant

18   regardless of whether the information was stored abroad. *Microsoft Corp.*, 138 S. Ct. at

19   1187. In fact, this case supports the concept that electronic property searches can take

20   place, and warrants be executed, in a district other than where the data is stored. The

21   district court specifically noted that "one reason for the amendments" to section 2703 "was

22   to alleviate the burden placed on federal district courts in the Eastern District of Virginia

23   and the Northern District of California where major internet service providers [ ] AOL and

24   Yahoo, respectively, are located." *In re Warrant to Search*, 15 F. Supp. 3d at 474. But

25   Plaintiff seeks to employ the opposite of this principle by suggesting that all electronic

26   email seizures take place in these districts. The section 2703 amendment demonstrates that

27   federal law treats electronic property seizures as taking place in the districts where the

28   warrants for them are issued.

United States District Court
Northern District of California

7

United States District Court
Northern District of California

1
2
3
4
5
6

Plaintiff also notes that the search warrant for his emails "describes Yahoo's headquarters as the place to be searched." Dkt. No. 13 at 7. While the warrant does identify Yahoo's Sunnyvale address as its headquarters, it identifies "information associated with" Plaintiff's email address as the location to be searched. *See* Criminal Case, Dkt. No. 172-1 at 3. The language of the warrant does not support Plaintiff's claim that the seizure occurred in the Northern District of California.

7
8
9
10
11
12
13
14
15

Plaintiff cites out-of-circuit precedent identifying the purpose of the amendment to Rule 41 as resolving a circuit split over whether venue for a post-conviction motion for return of property lies in the district of prosecution and trial or the district of seizure, in favor of the district of seizure. *See United States v. Parlavecchio*, 57 F. App'x 917, 921 (3d Cir. 2003). But Plaintiff has identified no precedent suggesting that the district of seizure of electronic property is the location where the data is stored as opposed to where the warrant was issued. This Court finds that venue does not lie in this district, not because it is not the district of prosecution or trial, but because it is not the district where the property was seized.

16
17
18
19
20
21

In addition, if Rule 41(g)'s venue provision does not apply to post-conviction motions like Plaintiff's, section 28 United States Code § 1391(e)(1)'s general venue provisions for suits against the United States would also preclude this district as neither a location where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," nor the location where "the plaintiff resides."

22
23
24
25

Because the Court finds that dismissal is appropriate for lack of venue, it does not reach Defendant's argument that the complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

26

**CONCLUSION**

27
28

8

1    Defendant's motion to dismiss Plaintiff's complaint is GRANTED.[2]  The clerk shall

2  terminate all pending motions, enter judgment in favor of Defendant, and close the file.

3    This Order terminates Docket Nos. 10, 16, and 17.

4    **IT IS SO ORDERED.**

5  Dated: September 27, 2022

6

7

8  JOSEPH C. SPERO
   United States Chief Magistrate
9  Judge

10

11

_____

[2] Plaintiff's motion for leave to file supplemental authority (Dkt. No. 16) is GRANTED. Plaintiff's motion for preliminary relief (Dkt. No. 17) in the form of a Certificate of Appealability allowing him to appeal the denial of his § 2255 motion in the District of Alaska, which Plaintiff already appealed to the Ninth Circuit, is DENIED.